IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY HAMILTON,

    Petitioner,                   No. CIV-S-04-0036 ALA P

    vs.

MATTHEW C. KRAMER,              ORDER

    Respondent.

_____/

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is currently serving a sentence of twenty-six years to life imprisonment in the California Department of Corrections. Petitioner challenges his 2001 denial of parole by the California Board of Prison Terms. For the reasons set forth below, Petitioner's petition is denied.

I

    On February 15, 1985, San Francisco Police received a phone call from Petitioner, informing the police that Petitioner had just murdered his common law wife and their four month old son. Answer, Ex. H-1 at 7. Police responded to Petitioner's apartment and discovered Petitioner sitting on the floor. *Id.* Directly in front of Petitioner were the bodies of a woman and a small child. *Id.* Each of the victims throats had been cut, causing them to bleed to death. *Id.*

1

1    On October 11, 1985, Petitioner was convicted of two counts of first degree murder.
2 Answer, Ex. B at 1-2. Each count carried an enhancement for use of a deadly weapon. *Id*.
3 Petitioner was sentenced to twenty-five years to life for each count of murder, plus an additional
4 one year for each of the weapon enhancements. *Id*. The sentences were ordered to run
5 concurrently for a total sentence of twenty-six years to life. *Id*.

6    On April 11, 2001, Petitioner appeared before the California Board of Prison Terms
7 ("BPT") and was assessed for suitability for parole. Answer, Ex. C at 1. While BPT praised
8 Petitioner for his accomplishments during his incarceration, BPT found that Petitioner would
9 pose an unreasonable risk of danger to society if released at that time. *Id*. at 63-68. BPT
10 therefore issued Petitioner a three year denial of parole. *Id*. at 68.

11    Petitioner appealed the BPT denial to the BPT Office of Policy and Appeals, which
12 denied that appeal. Answer, Ex. E at 1. Petitioner next petitioned the Superior Court of
13 California, City and County of San Francisco ("Superior Court") for a writ of habeas corpus.
14 Answer, Ex. F at 1. That petition was denied. *Id*. Petitioner then petitioned the California Court
15 of Appeal, who also denied Petitioner's petition. Answer, Ex. G at 1-3. Finally, Petitioner
16 petitioned the California Supreme Court and again his petition was denied. Answer, Ex. I at 1.
17 Petitioner now seeks relief from this court.

## II

19 Federal habeas corpus relief is not available for any claim decided on the merits in state
20 court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

25 28 U.S.C. § 2254(d).

26    Under 28 U.S.C. § 2254(d)(1), "[a] state court decision is "contrary to" ...clearly

2

established [United States Supreme Court] precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result differing [its] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing and quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). In this matter the decision by the Superior Court provides the last reasoned state court decision. Answer, Ex. H-13 at 1.

### III

### A

Petitioner's first claim is that there is no evidence in the record to support the finding that he was unsuitable for parole. Petition at 17. Specifically, Petitioner analyzes the factor's BPT must consider when making a parole determination in order to support his contention that, "[t]here is no nexus between the reasons stated for parole denial and the ultimate decision." *Id.* at 19.

California prisoners, whose sentences provide for the possibility of parole, have "a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest

that is protected by the procedural safeguards of the Due Process Clause." *Irons v. Carey*, No. 05-15275, _ F.3d _; 2007 WL 2027359, at *3 (9th Cir. July 13, 2007) (citing *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003); *McQuillion v. Duncan*, 306 F.3d 895, 903 (9th Cir.2002); and *Bd. of Pardons v. Allen*, 482 U.S. 369, 377-78 (1987) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979)). It has been clearly established by the United States Supreme Court "that a parole board's decision deprives a prisoner of due process with respect to this interest if the board's decision is not supported by 'some evidence in the record' (*Sass*, 461 F.3d at 1128-29; *Superintendent v. Hill*, 472 U.S. 445, 457 (1985); *see also Biggs*, 334 F.3d at 915; *McQuillion*, 306 F.3d at 904), or is 'otherwise arbitrary' (*Hill*, 472 U.S. at 457)." *Irons*, 2007 WL 2027359, at *3.

California law requires that the BPT "determine whether a prisoner is presently too dangerous to be deemed suitable for parole based on the 'circumstances tending to show unsuitability' and the 'circumstances tending to show suitability' set forth in Cal.Code. Regs., tit. 15 § 2402(c)-(d)." *Id.* at *4. California Code of Regulations, Title 15 § 2402(c)-(d) provides that...

> ...[T]he circumstances tending to show that a prisoner is unsuitable include: (1) the commitment offense, where the offense was committed in "an especially heinous, atrocious or cruel manner"; (2) the prisoner's previous record of violence; (3)"a history of unstable or tumultuous relationships with others"; (4) commission of "sadistic sexual offenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "serious misconduct in prison or jail." Cal.Code. Regs., tit. 15 § 2402(c). Circumstances tending to show that a prisoner is suitable for parole include: (1) the prisoner has no juvenile record; (2) the prisoner has experienced reasonably stable relationships with others; (3) the prisoner has shown remorse; . . . (6) the prisoner lacks any significant history of violent crime; . . . (8) the prisoner "has made realistic plans for release or has developed marketable skills that can be put to use upon release"; (9) "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Cal.Code. Regs., tit. 15 § 2402(d).

*Id.*

In denying Petitioner's petition, the Superior Court found that...

> [t]he BPT members supported their conclusion that Petitioner was not suitable for parole as documented in the transcript. They considered both the circumstances of the crime and other relevant factors. The documents provided by Petitioner indicate that there is more than enough evidence showing that he is unsuitable for parole.

Answer, Ex. H-13 at 1.

Having reviewed the BPT hearing transcripts, this court finds there is indeed "some evidence in the record" to support Petitioner's denial of parole and that the decision by the BPT and the Superior Court was not arbitrary.

First, BPT noted that the commitment offense was carried out in an especially cruel manner, which demonstrated a callous disregard for human suffering. Answer, Ex. H-1 at 63. Further, multiple victims where attacked, in what appeared to be a calculated manner for an inexplicable reason. *Id.* Additionally, Petitioner had two disciplinary actions while enlisted in the Marines, one of which is for an assault. *Id.* at 63-64. Petitioner had also received two prison citations for rules violations. *Id.* at 64. While Petitioner clearly had put considerable effort into his rehabilitation, a fact acknowledged by the BPT panel, this court cannot say that the decision of the BPT or the Superior Court was not supported by "some evidence" or was "otherwise arbitrary."

**B**

Petitioner argues that he meets few of the parole unsuitability criteria and all the applicable suitability criteria. Petition at 27. Petitioner specifically analyzes each and every factor for parole unsuitability and suitability as they pertain to him. *Id* at 27-33.

However, as noted above, this court's review is limited to ensuring that Petitioner has received due process by determining if there is some evidence in the record to support the decision of the BPT and the Superior Court and to assure that those decisions were not arbitrary. It is not the role of this court to evaluate Petitioner's suitability for Parole.

/////

**C**

Petitioner's final claims concern the constitutionality of California Code of Regulations, title 15 § 2402(c)(1)(A-E). Specifically, Petitioner claims that the language of § 2402(c)(1)(A-E) is unconstitutionally vague and is an impermissible usurpation of the legislative function. Petition 34-38.

While Petitioner makes a reasoned and thorough argument about the constitutionality of § 2402(c)(1)(A-E), Petitioner does not cite, nor is this court aware of, any United States Supreme Court precedent which calls into question the constitutionality of California Code of Regulations, title 15 § 2402(c)(1)(A-E). As such, this court cannot say that the decision of the BPT or the Superior Court in applying § 2402(c)(1)(A-E) was contrary to clearly established United States Supreme Court precedent or an unreasonable determination of the facts.

**IV**

In accordance with the above, IT IS HEREBY ORDERED that Petitioner's petition for a writ of habeas corpus under § 2254 is denied.

/////

DATED: November 1, 2007

        /s/ Arthur Alarcón
       UNITED STATES CIRCUIT JUDGE
        Sitting by Designation